IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CORTEZ L. BAREFIELD**,

    **Movant**,

v.                                           **Case No. 2:06-cr-00055-2**
                                                   **Case No. 2:08-cv-00946**

**UNITED STATES OF AMERICA**,

    **Respondent**.

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, Cortez L. Barefield ("Defendant") filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion," docket # 540), on July 24, 2008. The Motion did not bear Defendant's signature. Pursuant to an Order entered August 14, 2008 (# 543), Defendant re-filed his Motion, including his signature, under penalty of perjury (# 544). This matter is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant is serving a sentence of 120 months, to be followed by a five-year term of supervised release, imposed after his guilty plea to engaging in a conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Judgment in a Criminal Case entered July 17, 2007, # 486.) His guilty plea was

entered pursuant to a plea agreement with the United States, which Defendant signed with the advice of counsel (# 410).

Defendant's direct appeal was unsuccessful. United States v. Barefield, No. 07-4739, 260 Fed. App'x 575, 2008 WL 64639 (4th Cir. Jan. 7, 2008), cert. denied, 128 S. Ct. 2452 (May 12, 2008). The appeal challenged Judge Goodwin's denial of his motions to suppress.

## **GROUNDS FOR RELIEF**

Defendant's Motion states his grounds for relief as follows [*verbatim*]:

> Ground one: Jurisdictionally Defective Indictment.
> On July 17, 2007, I was sentenced to a 10yr mandatory term of imprisonment for allegedly conspiring to distribute 50 grams or more of cocaine base. Under the ambit of 21 U.S.C. § 841(a) said charge does not exist. As stated in the penalty provision of 21 U.S.C. § 841(b), the particularized violation of 21 U.S.C. § 841(a) with which I am charged, convicted, and are now being punished requires that the violation Directly Involve certain elements and/or facts which create the required 21 U.S.C. § 841(a) violation, carved our [sic; out?] for enhanced penalties. The Indictment as constructed demonstrably does not satisfy this requirement.

The document attached to Defendant's original Motion presents his arguments as to the allegedly "fatally defective indictment" and "no subject matter jurisdiction" (# 540, at 8-29). He claims that the indictment was fatally defective because it failed to state "the essential elements and statutory aggravating facts of the alleged offense." Id. at 10. It appears that Defendant is arguing that the conspiracy charge does not constitute a violation of 21

U.S.C. § 841(a) and that he should not have been sentenced under the provisions of 21 U.S.C. § 841(b).  Id.  He also contends that the indictment should have tracked the statutory language exactly, using the particular phrase, "50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base." Id. at 12.  Defendant asserts that the distinction in language constitutes an amendment of the statute and "is absolutely critical." Id. at 13.  Defendant claims that the indictment failed to state an offense and the essential elements and statutory aggravating fact of the offense.  Id. at 15.

In a memorandum, also attached to the original Motion, Defendant expands upon his argument that the indictment should have used the specific phrase, "contains cocaine base." Id. at 16-25. Defendant's memorandum further contends that "cocaine base" and "crack cocaine" are not listed in Schedule II or the Code of Federal Regulations, but he is "not arguing that 'cocaine base' and 'crack cocaine' are not Scheduled." Id., at 25-27.  Rather, he asserts that the lack of the phrase "contains cocaine base," is a "fatal flaw" and the indictment should be dismissed. Id. at 28-29.

## ANALYSIS

Count One of the Superseding Indictment to which Defendant pled guilty reads as follows:

> From in or about December 2005, to on or about February 21, 2006, at or near Williamson, Mingo County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants CORTEZ L. BAREFIELD,

3

>    also known as "PC," MELISSA JUDE, JAMES SYDNOR, also
>    known as "Trigger," MICHAEL MARTIN, LAMONT GREEN, and
>    KISUN WILSON, also known as "Marcus," and other persons
>    whose identities are both known and unknown to the Grand
>    Jury, knowingly conspired to commit offenses in violation
>    of 21 U.S.C. § 841(a)(1), that is, knowingly and
>    intentionally to distribute 50 grams or more of cocaine
>    base, also known as "crack," a Schedule II controlled
>    substance.
>
>    In violation of Title 21, United States Code,
>    Section 846.

(Superseding Indictment, # 79, at 1.)

The drug conspiracy statute to which Defendant pled guilty simply reads: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Defendant pled guilty to conspiring to violate 21 U.S.C. § 841(a), which makes it a crime, "knowingly or intentionally to . . . distribute . . . a controlled substance." Defendant was not charged with the penalty provision; he did not pled guilty to the penalty provision. The penalty provision simply sets forth the punishment which applies to the particular type and amount of controlled substance involved in the case.

The undersigned proposes that the presiding District Judge **FIND** that Count One of the Superseding Indictment was not fatally defective, the court had subject matter jurisdiction over the offense, and Defendant's ground for relief lacks merit.

It is respectfully **RECOMMENDED** that Defendant's Motion (##

4

540, 544) be denied and this matter dismissed from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and

Recommendation, to mail a copy of the same to Defendant, and to transmit it to counsel of record.

<u>November 30, 2009</u>                   *Mary E. Stanley*
    Date                         Mary E. Stanley
                                      United States Magistrate Judge